PER CURIAM:
Claimant brought this action to recover for damages to his vehicle, a 1988 Chevrolet Beretta GT, which occurred when he was operating his vehicle on Patrick Street in Charleston, Kanawha County. Respondent maintains this road as a part of the State road system. The Court is of the opinion to make an award to claimant for the reasons set forth herein below.
Claimant was proceeding on Patrick Street on August 26, 2001, when he noticed that the road was in a state of disrepair due to a construction project. He was stopped behind a truck and when he drove forward, his vehicle struck a water main that was protruding from the pavement approximately seven to seven and a half inches. He reported this incident immediately to respondent and an employee in a courtesy truck appeared at the scene. This employee marked the tops of the water main lines with orange paint about an hour after claimant’s incident. Claimant’s *269 vehicle sustained damage to the neon light system installed beneath the frame of the vehicle. He incurred an expense of $233.00 for the replacement of the neon light-system.
Respondent offered no witnesses in this claim and its defense appears to rest upon the contention that claimant’s light system was lower than the frame of an average vehicle.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant claim, the Court has determined that respondent was negligent in its inspection of the on-going construction project[1] on Patrick Street at the time of claimant’s accident. The fact that there were several unmarked objects such as a water main protruding above the road surface presented a hazard to the traveling public. A 1988 Chevrolet Beretta has an average clearance height and the light system was attached to the bottom of the frame with the same clearance as the frame. Therefore, the Court is of the opinion to allow a recovery to the claimant for the damages to his vehicle which occurred herein.
Accordingly, the Court makes an award to claimant in the amount of $233.00.
Award of $233.00.

 The Court notes that respondent intimated during the hearing of this claim that this incident occurred at a time when there was a construction project being performed by one of its contractors, but no evidence was offered to substantiate this fact. However, the Court is aware that hold harmless clauses are generally a part of construction contracts and respondent has the right to seek reimbursement from the contractor based upon this decision.